IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Kenneth Maurice Jones, # 183003, | ) |
| Plaintiff, | ) Civil Action No. 7:15-4553-PMD-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Spartanburg County School District Seven and Dr. Russell Booker, | ) |
| Defendants. | ) |

       This is a civil rights action filed by a state prisoner.  Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

       The complaint indicates that the plaintiff is attempting to challenge his convictions and sentences for murder and assault and battery with intent to kill entered in the Court of General Sessions for Spartanburg County.  The basis for the plaintiff's challenges is the alleged failure of the lead defendant, a school district, to provide the plaintiff's school records.

       The plaintiff challenged his convictions and sentences in a Section 2254 habeas corpus action, *Kenneth M. Jones v. Colie L. Rushton, et al.*, Civil Action No. 3:00-2028-PMD-JRM, which was filed on June 28, 2000.  The plaintiff's convictions were entered in the Court of General Sessions for Spartanburg County on July 14, 1993, in a jury trial.  The Supreme Court of South Carolina affirmed the convictions on direct appeal in *State v. Jones*, Mem. Op. 95-MO-175 (S.C. Apr. 15, 1995).  The plaintiff filed an application for post-conviction relief.  The Court of Common Pleas held an evidentiary hearing on

March 5, 1998, and later denied relief on May 20, 1998. The Supreme Court of South Carolina denied certiorari in the PCR case on January 21, 2000.

In a Report and Recommendation filed in Civil Action No. 3:00-2028-PMD-JRM on January 29, 2001, the Honorable Joseph R. McCrorey, United States Magistrate Judge, recommended that summary judgment be granted to the respondents because: (1) ineffective assistance of PCR counsel and ineffectiveness of PCR appellate counsel were not cognizable under the federal habeas statutes; (2) trial counsel was not ineffective; and (3) grounds three and four, which related to the direct appeal, were procedurally barred (doc. 8 in Civil Action No. 3:00-2028-PMD-JRM). The parties in Civil Action No. 3:00-2028-PMD-JRM were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On February 21, 2001, the Honorable Patrick Michael Duffy, United States District Judge, adopted the Report and Recommendation (doc. 9 in Civil Action No. 3:00-2028-PMD-JRM). Summary judgment was entered in Civil Action No. 3:00-2028-PMD-JRM on February 26, 2001 (doc. 10 in Civil Action No. 3:00-2028-PMD-JRM). No appeal was filed in Civil Action No. 3:00-2028-PMD-JRM.

The complaint in the above-captioned case indicates that, since the plaintiff's federal habeas action was decided adversely to him in 2001, the plaintiff has attempted to file at least three PCR actions (No. 2001-CP-42-1491, No. 2006-CP-42-1859, and No. 2014-CP-42-2543) to assert that claims that his convictions were invalid because he has a low IQ and, hence, was not able to assist in his defense at trial or pursue these claims in his PCR cases filed after the conclusion of his federal habeas corpus action (doc. 1 at 3–4). In his prayer for relief, the plaintiff seeks a new trial (*id.* at 5).

The above-captioned case is subject to summary dismissal because a right of action has not accrued with respect to the plaintiff's convictions and sentences. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). The plaintiff cannot obtain release from prison or a new trial in this civil rights action. *See Heck v. Humphrey,* 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or

duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

Furthermore, Spartanburg County School District Seven is immune from suit because school districts in South Carolina are state entities, not local entities, and hence are immune from suit under the Eleventh Amendment.[1]  *See Smith v. School Dist. of Greenville Cnty.*, 324 F. Supp. 2d 786, 796 (D.S.C. 2004) ("[T]he Court is of the firm opinion that the relationship between the Defendant school districts and the state is so close and the laws of this state are such as to render the Defendant school districts as arms of the state for purposes of Eleventh Amendment sovereign immunity. That is, to allow these cases to go forward would offend the notion that the state is to be accorded the respect owed to it as a joint sovereign.").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

November 16, 2015                                  s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

---

[1]Since the plaintiff was never an employee of Spartanburg County School District Seven, cases limiting Eleventh Amendment immunity in employment discrimination actions against state governments and school districts, such as *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) (holding that Eleventh Amendment does not bar application of Title VII of Civil Rights Act of 1964 to state employers), and *Grady v. Spartanburg School Dist. Seven*, Civil Action No. 7:13-cv-02020-GRA, 2014 WL 1159406, at *3–4 (D.S.C. Mar. 21, 2014) (denying school district's motion to dismiss made on basis of Eleventh Amendment immunity in employment discrimination case), are not applicable to the plaintiff.

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).