# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kenneth Maurice Jones, # 183003, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 7:15-cv-4553-PMD-KFM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Spartanburg County School District Seven and Dr. Russell Booker, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the Court on Plaintiff's objections to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") that the Court dismiss Plaintiff's *pro se* complaint without prejudice and without service of process. (ECF Nos. 9, 11, & 13.) For the reasons provided below, the Court overrules Plaintiff's objections.

## BACKGROUND

Plaintiff is an inmate serving a sentence in South Carolina state prison for murder and assault and battery with intent to kill. Contending he was intellectually disabled at the time of crimes and during his criminal trial, Plaintiff asserts that Defendants hampered his defense by failing to provide childhood records that would have demonstrated his disability. Plaintiff asks this Court to grant him a new trial in state court.

Plaintiff's case was referred to Magistrate Judge McDonald pursuant to Local Civil Rule 73.02 (D.S.C.). After construing the complaint as one alleging civil rights violations under 42 U.S.C. § 1983, Magistrate Judge McDonald filed an R & R in which he recommended that the complaint be dismissed because Plaintiff has no right to relief under § 1983 and because the Eleventh Amendment immunizes Defendant Spartanburg County School District from suit.

Plaintiff filed objections, to which he attached several documents that were not before Magistrate Judge McDonald. This matter is now ripe for review.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

For the most part, Plaintiff's objections merely rehash the arguments and allegations in the complaint. The Court declines to address those arguments, as they are not proper objections. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). In addition, the Court has considered the documents Plaintiff attached to his objections and finds that they are either irrelevant or do not contradict anything in the R & R.

Plaintiff has, however, made two specific objections to Magistrate Judge McDonald's stated grounds for dismissal. He argues that § 1983 authorizes release from prison when the plaintiff is innocent and that the Eleventh Amendment does not protect the School District from suit.

Plaintiff's first objection lacks merit. As Magistrate Judge McDonald recognized, prisoners cannot use § 1983 to obtain release from prison. *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that a habeas corpus proceeding under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Myers v. Pauling*, No. Civ. A. 95-820, 1995 WL 334284, at *1 (E.D. Pa. June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983"). Thus, Plaintiff's first objection is overruled. The Court adopts the portions of the R & R relating to the first ground for dismissal.

Plaintiff appears to agree that he is seeking relief under § 1983. Nevertheless, out of an abundance of caution, this Court has also evaluated the complaint as a petition under § 2254.

*See Reid v. Johnson*, 105 F. App'x 500, 502 (4th Cir. 2004) (per curiam) ("An action styled as a § 1983 claim must be treated as a petition for habeas relief under § 2254 when success on the claim would *necessarily* imply the invalidity of the plaintiff's conviction or sentence."). Viewed as such a petition, the complaint is subject to summary dismissal as an unauthorized successive petition. Plaintiff has already filed, and lost, two § 2254 cases in this Court, and he has not obtained permission to file another one. *See* 28 U.S.C. § 2244(b).

Whether one views the complaint as a § 1983 civil rights claim or a § 2254 habeas corpus petition, it is clear that the complaint must be dismissed. *See Myers*, 1995 WL 334824, at *1 (dismissing § 1983 claim seeking release from prison); 28 U.S.C. § 2244(b) (requiring dismissal of a successive § 2254 petition unless circumstances not present here exist). Accordingly, this Court need not review Magistrate Judge McDonald's Eleventh Amendment analysis or address Plaintiff's second objection.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the complaint is **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**December 17, 2015**
**Charleston, South Carolina**

4